# UNITED STATES DISTRICT COURT
## for the
### Middle District of North Carolina

In the Matter of the Search of  )
*(Briefly describe the property to be searched  )
or identify the person by name and address)*  )   Case No. 1:24MJ512-1
 )
USE OF A CELL-SITE SIMULATOR TO LOCATE THE  )
CELLULAR DEVICE ASSIGNED CALL NUMBER  )
(910) 975-9695  )

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the _____ Middle _____ District of _____ North Carolina _____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☐ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 846 | Conspiracy to Distribute Controlled Substances |

The application is based on these facts:
See attached Affidavit

☑ Continued on the attached sheet.
☑ Delayed notice of __30__ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/s/ Matthew Little
*Applicant's signature*

Matthew Little, Deputy U.S. Marshal
*Printed name and title*

On this day, the applicant appeared before me via reliable electronic means, that is by telephone, was placed under oath, and attested to the contents of this Application for a search warrant in accordance with the requirements of Fed. R. Crim. P. 4.1.

Date: 11/27/2024 1:17 pm

*Judge's signature*

City and state: Durham, North Carolina     The Honorable Joe L. Webster, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| IN THE MATTER OF THE USE OF A CELL-SITE SIMULATOR TO LOCATE THE CELLULAR DEVICE ASSIGNED CALL NUMBER (910) 975-9695 | Case No. 1:24MJ512-1<br><br>**Filed Under Seal** |

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, Deputy United States Marshal Matthew Little, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. Erick Pollard ("Subject Fugitive") is the subject of an open arrest warrant issued by the District Court in the Middle District of North Carolina. I have been tasked with locating and arresting POLLARD. I have probable cause to believe that he is currently using the cellular device assigned call number (910) 975-9695 and that locating the device will aid in his apprehension.

2. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 to authorize law enforcement to employ an electronic investigative technique, which is described in Attachment B, to determine the location of the cellular device

assigned call number (910) 975-9695 (the "Target Cellular Device"), which is described in Attachment A.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. One purpose of applying for this warrant is to determine with precision the Target Cellular Device's location. However, as described below, there is reason to believe the Target Cellular Device is currently located somewhere within this district because this Target Cellular Device was provided by a confidential source with close ties to Fugitive POLLARD. DUSM LITTLE's investigation into the whereabouts of POLLARD has shown that POLLARD frequents Candor, NC which is located within the Middle District of North Carolina. Pursuant to Rule 41(b)(2), law enforcement may locate the Target Cellular Device outside the district provided the device is within the district when the warrant is issued.

5. Based on the facts set forth in this affidavit, there is probable cause to believe that POLLARD has violated 21 U.S.C. § 846, Conspiracy to Distribute Controlled Substances.

6. On November 25, 2024, a grand jury in the Middle District of North Carolina returned an indictment charging POLLARD with 21 U.S.C. 846, Conspiracy to Distribute Controlled Substances in Guilford County in case 1:24CR352-6. A warrant for POLLARD's arrest was issued on November 26, 2024. There is also probable cause to believe that the Target Cellular Device is in the possession of and/or being used by the Subject Fugitive and that the Target Cellular Device's location will assist law enforcement in arresting POLLARD, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

7. Because collecting the information authorized by this warrant may fall within the statutory definitions of a "pen register" or a "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), this warrant is designed to comply with the Pen Register Statute as well as Rule 41. *See* 18 U.S.C. §§ 3121-3127. This warrant therefore includes all the information required to be included in a pen register order. *See* 18 U.S.C. § 3123(b)(1).

## AGENT BACKGROUND

8. I am a Deputy United States Marshal (DUSM) with the United States Marshals Service (USMS) and have been so employed since 2010. Prior to my employment with the USMS, I graduated from Central Connecticut State University with a degree in Criminology.

9. As a DUSM, I have conducted hundreds of fugitive investigations resulting in the arrests of both federal and state fugitives. I am currently assigned to the Carolina Regional Fugitive Task Force (CRFTF) and I am responsible for apprehending federal fugitives whose arrest warrants have been delegated to the United States Marshals Service for apprehension purposes. Through formal and on the job training, I have developed experience in fugitive investigations, including the use of cellular device locating information to locate and apprehend fugitives.

## PROBABLE CAUSE

10. The United States Marshals Service (USMS) is conducting a fugitive investigation to locate and arrest Erick Pollard for violating 21 U.S.C. § 846, Conspiracy to Distribute Controlled Substances.

11. On November 25, 2024, a grand jury in the Middle District of North Carolina returned an indictment charging POLLARD with violating 21 U.S.C. § 846, Conspiracy to Distribute Controlled Substances in Guilford County in case 1:24CR352-6. A warrant for POLLARD's arrest was issued on November 26, 2024. This arrest warrant has been delegated to the United States Marshals Service for execution.

12. The USMS has conducted numerous hours of surveillance to determine the whereabouts of POLLARD. While conducting this investigation,

the USMS determined that POLLARD is in possession and/or using the Target Cell Phone based on intelligence obtained through a confidential source (CS). The CS provided intelligence that they have contacted POLLARD on the provided phone number of (910) 975-9695 since at least August of 2024 up until the date of this order being written. The subscriber for the SUBJECT ACCOUNT is unknown and public databases show that the SUBJECT ACCOUNT is serviced by Verizon Wireless. POLLARD's current whereabouts are unknown.

## MANNER OF EXECUTION

13. In my training and experience, I have learned that cellular phones and other cellular devices communicate wirelessly across a network of cellular infrastructure, including towers that route and connect individual communications. When sending or receiving a communication, a cellular device broadcasts certain signals to the cellular tower that is routing its communication. These signals include a cellular device's unique identifiers.

14. To facilitate execution of this warrant, law enforcement may use an investigative device or devices capable of broadcasting signals that will be received by the Target Cellular Device or receiving signals from nearby cellular devices, including the Target Cellular Device. Such a device may function in some respects like a cellular tower, except that it will not be connected to the

5

cellular network and cannot be used by a cell phone to communicate with others. The device may send a signal to the Target Cellular Device and thereby prompt it to send signals that include the unique identifier of the device. Law enforcement may monitor the signals broadcast by the Target Cellular Device and use that information to determine the Target Cellular Device's location, even if it is located inside a house, apartment, or other building.

15. The investigative device may interrupt cellular service of phones or other cellular devices within its range. Any service disruption to non-target devices will be brief and temporary, and all operations will attempt to limit the interference with such devices. In order to connect with the Target Cellular Device, the device may briefly exchange signals with all phones or other cellular devices in its range. These signals may include cell phone identifiers. The device will not complete a connection with cellular devices determined not to be the Target Cellular Device, and law enforcement will limit collection of information from devices other than the Target Cellular Device. To the extent that any information from a cellular device other than the Target Cellular Device is collected by the law enforcement device, law enforcement will delete that information, and law enforcement will make no investigative use of it absent further order of the court, other than distinguishing the Target Cellular Device from all other cellular devices.

6

## AUTHORIZATION REQUEST

16. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41. The proposed warrant also will function as a pen register order under 18 U.S.C. § 3123.

17. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until thirty (30) days from the end of the period of authorized surveillance. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cellular Device would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to change patterns of behavior and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). There is reasonable necessity for use of the technique described above, for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

18. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target

Cellular Device outside of daytime hours, as fugitives are unpredictable in where and when they may be found.

Respectfully submitted,

/s/ Matthew J. Little
Matthew Little
Deputy US Marshal
United States Marshals Service

On this day, the applicant appeared before me via reliable electronic means, that is by telephone, was placed under oath, and attested to the contents of this written affidavit in accordance with the requirements of Fed. R. Crim. P. 4.1. November 27, 2024 1:17 pm

_____
Joe L. Webster
U.S. Magistrate Judge

# ATTACHMENT A

This warrant authorizes the use of the electronic investigative technique described in Attachment B to identify the location of the cellular device assigned phone number (910) 975-9695, whose wireless provider is Verizon Wireless, and whose listed subscriber is unknown.

## ATTACHMENT B

Pursuant to a fugitive investigation to locate and arrest Erick Pollard for a violation of 21 U.S.C. § 846, Conspiracy to Distribute Controlled Substances, this Warrant authorizes the officers to whom it is directed to determine the location of the cellular device identified in Attachment A by collecting and examining:

    1.    radio signals emitted by the Target Cellular Device for the purpose of communicating with cellular infrastructure, including towers that route and connect individual communications; and

    2.    radio signals emitted by the Target Cellular Device in response to radio signals sent to the cellular device by the officers;

for a period of thirty (30) days, during all times of day and night. This warrant does not authorize the interception of any telephone calls, text messages, other electronic communications, and this warrant prohibits the seizure of any tangible property. The Court finds reasonable necessity for the use of the technique authorized above. *See* 18 U.S.C. § 3103a(b)(2).

Investigators are also authorized to locate the Target Cellular Device outside the district provided the device is within the district when the Warrant is issued, pursuant to Fed. R. Crim. P. 41(b)(2).

This Warrant applies to the telephone number identified in Attachment A, and to any changed telephone number(s) subsequently assigned to the same International Mobile Subscriber Identity (IMSI), Mobile Subscriber Identification Number (MSID), Mobile Identification Number (MIN) and/or instrument bearing the same Electronic Serial Number (ESN), International Mobile Equipment Identity (IMEI), and/or Mobile Equipment Identifier (MEID) as the Target Cellular Device; or any new IMSI, MSID, MIN, ESN, IMEI and/or MEID, whether the changes occur consecutively or simultaneously, listed to the same subscriber and wireless telephone account number as the Target Cellular Device within the period authorized by the Warrant; and/or any new IMSI, MSID, MIN, ESN, IMEI and/or MEID assigned to the Target Cellular Device or new/changed telephone number(s), whether the changes occur consecutively or simultaneously, listed to the same subscriber and wireless telephone account number as the Target Cellular Device within the period authorized by this Warrant.

Absent further order of a court, law enforcement will make no affirmative investigative use of any identifiers collected from cellular devices other than the Target Cellular Device, except to identify the Target Cellular Device, distinguish it from other cellular devices, and locate it. Investigators will delete any information collected concerning cellular devices other than the Target Cellular Device.